# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ETHAN W. MOORE,<br><br>                Plaintiff,<br><br>v.<br><br>STATE OF WISCONSIN,<br>DEPARTMENT OF CORRECTIONS,<br>LISA YESTES, CHRISTOPHER<br>LINDLOFF, PRISICILLA LAMBERT,<br>JON SCHUBERT, and ELIZABETH<br>LEMEKE,<br><br>                Defendants. | Case No. 19-CV-124-JPS<br><br>**ORDER** |

      Plaintiff Ethan W. Moore filed a *pro se* complaint seeking to overturn his Operating While Intoxicated ("OWI") conviction and reinstate his driver's license. (Docket #1). He also alleges that his Fourth Amendment rights were violated during an unlawful search and seeks damages pursuant to 42 U.S.C. § 1983. *Id*. Alongside his complaint, Plaintiff filed a motion to proceed *in forma pauperis*. (Docket #2). In order to allow a plaintiff to proceed without paying the $400 filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. § 1915(a), (e)(2)(B). The Court will address each of these questions below.

1.     **MOTION TO PROCEED *IN FORMA PAUPERIS***

      Although Plaintiff need not show that he is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within

the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Plaintiff avers that he earns $382.00 per month. (Docket #2 at 2). His wife earns $1,400.00 per month. *Id.* They have a minor daughter, a mortgage, car payments, and other household expenses that exceed $2,000.00 per month. *Id.* at 2–3. Plaintiff does not have any savings. *Id.* The Court finds that Plaintiff is indigent for the purposes of prepaying the filing fee. He will be granted leave to proceed *in forma pauperis.*

2. **SUFFICIENCY OF THE COMPLAINT**

When a plaintiff asks for leave to proceed *in forma pauperis*, the Court must also screen the complaint and dismiss it or any portion thereof if it has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary to plead specific facts; rather, the plaintiff's statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting

*Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 2.1 Relevant Allegations

Plaintiff alleges that around 1:41 a.m. on August 3, 2013, he was stopped by police officers in Pleasant Prairie, Wisconsin on suspicion of driving while intoxicated. The exhibits to Plaintiff's complaint suggest that a preliminary breathalyzer test indicated a .189 blood-alcohol content. (Docket #1-1 at 4). Plaintiff was subsequently arrested but declined to

submit to a blood test. Nevertheless, Plaintiff was taken to a hospital where his blood was drawn without his consent at 3:33 a.m., then again at 4:38 a.m. *Id.* at 2. A valid search warrant was eventually signed at 3:40 a.m. *Id.* at 1. Therefore, the police did not secure a search warrant before obtaining the first blood sample. Plaintiff was subsequently charged with an OWI in Kenosha County Case Number 13CT660 ("13CT660").

Plaintiff retained attorney Joseph Easton to defend him in that case. Mr. Easton filed a motion to suppress the results of the blood test as the tainted fruit from an unreasonable search and seizure, in violation of the Fourth Amendment. The motion was denied. Plaintiff wanted to file an interlocutory appeal, but Mr. Easton moved to withdraw from the case because he was closing his legal practice in Wisconsin. The judge granted Mr. Easton's motion to withdraw. Plaintiff claims that he wrote a letter to the Wisconsin Court of Appeals requesting an extension of time to file an interlocutory appeal, but the request was denied. Plaintiff subsequently submitted a no contest plea to the OWI charge.

In January 2017, he was appointed attorney Kyle Lawrence to pursue post-conviction relief. Shortly thereafter, Plaintiff learned that Mr. Lawrence had withdrawn from the case without his knowledge. Attorney Don Bielski was appointed in Mr. Lawrence's place, but Plaintiff had difficulty contacting him. When Mr. Bielski and Plaintiff finally met, Mr. Bielski indicated that he would file the appropriate appeals motions; however, Plaintiff alleges that Mr. Bielski never filed any motions. It is unclear whether Mr. Bielski is still pursuing post-conviction relief on Plaintiff's behalf.

In his complaint, Plaintiff argues that the blood test results should be suppressed and that his conviction should be overturned due to ineffective

assistance of counsel. He requests the following items of relief: a jury trial in 13CT660, the immediate reinstatement of his driver's license, and compensatory and punitive damages.

**2.2    Analysis**

As a preliminary matter, Plaintiff may not seek to have his conviction overturned under 42 U.S.C. § 1983. "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement. . .even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)); *see also Hanson v. Circuit Court of First Judicial Circuit of Ill.*, 591 F.2d 404, 410 (7th Cir. 1979) ("We think that Congress intended that habeas corpus provide. . .the exclusive federal remedy for all who seek to attack state court judgments of convictions."). The primary relief sought in this case—a reversal of the plea, a reinstatement of his driver's license, and a trial by jury in 13CT660—is bound up in the validity of the OWI conviction, and "challenges the fact" of Plaintiff's sentence in that case. Plaintiff may only challenge this conviction by way of a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which cannot be brought as a Section 1983 lawsuit.

The Court will not recharacterize Plaintiff's civil rights lawsuit as a habeas petition. Plaintiff has not named the warden in his complaint, and it is not clear whether he has fully exhausted his state court remedies or otherwise complied with the statutory requirements of 28 U.S.C. § 2241 *et seq.*, including the statute of limitations. Plaintiff has filed habeas petitions in the past, *see* (Case No. 01-CV-1306, Docket #12), and therefore knows how to approach them. In light of these facts, the Court believes that it would be inappropriate to recharacterize Plaintiff's civil rights lawsuit as a habeas

petition. *See Glaus v. Anderson*, 408 F.3d 382, 388–89 (7th Cir. 2005). At this juncture, the appropriate step would be to dismiss the claim without prejudice and allow Plaintiff to file a habeas petition on this subject, if he so chooses, after he exhausts his remedies in the state court. *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996).[1]

At this stage, the Court must also deny Plaintiff's Section 1983 claim predicated on the alleged Fourth Amendment violation for the unconstitutional blood test. *Heck v. Humphrey* holds that a claim for damages under Section 1983 may not be pursued if its success would necessarily imply the invalidity of a criminal conviction or sentence. 512 U.S. at 487. However, not every damages action is *Heck*-barred. If the plaintiff's claims do not necessarily impugn the validity of his conviction or sentence, courts can entertain Section 1983 suits based on conduct that occurred during an investigation or prosecution. *Wallace v. Kato*, 549 U.S. 384, 394 (2007); *Nelson v. Campbell*, 541 U.S. 637, 647 (2004). That is, where a

---

[1]There is a question as to whether habeas relief is available to Plaintiff. He is not incarcerated, but an individual on probation or parole will satisfy the custody requirement. *Jones v. Cunningham*, 371 U.S. 236, 240–43 (1963) (discussing parole); *Caldwell v. Dretke*, 429 F.3d 521, 527–28 (5th Cir. 2005); *cert denied* 549 U.S. 970 (2006) (discussing probation). It appears that a two-year term of probation was imposed on Plaintiff in 13CT660, with no beginning date, to run consecutive to the probation date imposed in Kenosha County Case Number 13CT1815. *See* "Kenosha County Case Number 2013CT000660 State of Wisconsin v. Ethan W. Moore," *Wis. Circuit Court Access*, https://wcca.wicourts.gov/caseDetail.html?caseNo=2013CT000660&countyNo=30&index=0&mode=details (accessed Aug. 15, 2019). It is unclear, from the docket, whether this term of probation is ongoing. Additionally, in 13CT660, Plaintiff was sentenced to a 30-month driver's license revocation, beginning on June 6, 2016. *Id.* That revocation period would have ended around December 2018, shortly before this case was filed. Apparently, Plaintiff's license was not reinstated, which catalyzed the instant lawsuit in federal court.

plaintiff's success on the damages claim would not fatally undermine his conviction or sentence, the Section 1983 suit may proceed.

This situation most often arises with respect to claims challenging police investigative conduct under the Fourth Amendment, as it is often the case that an illegal arrest or unlawful use of force can be divorced from the ultimate conviction, thereby avoiding the *Heck* bar. *Gilbert v. Cook*, 512 F.3d 899, 902 (7th Cir. 2008) (holding "[o]nly a claim that necessarily implies the invalidity of a conviction or disciplinary board's sanction comes within the scope of *Heck*.") (quotation marks omitted); *Gonzalez v. Entress*, 133 F.3d 551, 553 (7th Cir. 1998) (observing that "a violation of the Fourth Amendment does not necessarily impugn the validity of a conviction"); *Simpson v. Rowan*, 73 F.3d 134, 136 (7th Cir. 1995) (holding that "an illegal search or arrest may be followed by a valid conviction.").

In this case, a judgment in Plaintiff's favor "would necessarily imply the invalidity of his [underlying] conviction or sentence." *Heck*, 512 U.S. at 487. Specifically, if the Court were to find that the blood sample was an unconstitutional seizure, this would impugn the validity of the evidence underlying the OWI conviction. It must be noted that there are no allegations in the complaint regarding the results of the second, constitutional blood test, which was drawn at 4:38 a.m. If this blood test had also shown an unlawful alcohol content, then Plaintiff's Section 1983 claim as to the first search would not be *Heck*-barred. This is because a constitutional violation as to that first blood test would not undermine the validity of the conviction, which could be predicated on the second blood test. *Simpson*, 73 F.3d at 136. However, nothing in the complaint allows the Court to draw this inference. Moreover, if the Court were to draw this inference, then Plaintiff's conviction would be valid, thereby gutting his

potential habeas case and precluding much of the relief that he seeks. Plaintiff's recourse, if he wishes to attack the validity of his conviction, is to first have the OWI conviction overturned, "either in state proceedings or through a federal collateral attack under 28 U.S.C. § 2254, before he can refile [these] claims and proceed under § 1983." *Henderson v. Bryant*, 606 Fed. App'x 301, 304 (7th Cir. 2015) (citing *Heck*, 512 U.S. at 489–90). Once that conviction is overturned, the Court will hear a claim for damages regarding any alleged constitutional violation.

As the Court noted in footnote one, *supra*, there is some question as to whether Plaintiff is eligible for habeas relief at this time. However, even if habeas relief is not available to Plaintiff, *Heck* may apply "where a § 1983 plaintiff *could* have sought collateral relief at an earlier time but declined the opportunity and waited until collateral relief became unavailable before suing." *Burd v. Sessler*, 702 F.3d 429, 436 (7th Cir. 2012); *but see Whitfield v. Howard*, 852 F.3d 656, 662–64 (7th Cir. 2017) (holding that a Section 1983 claim was not barred by *Heck* where a plaintiff "did his best to obtain relief in a timely way while he was in custody."). Thus, if Plaintiff were ineligible for habeas relief and nevertheless sought to bring a Section 1983 suit for damages and injunctive relief, he must allege that he made his best efforts to secure relief while in custody; otherwise, he must explain that he was somehow prevented from seeking collateral relief. Here, he has made some allegations that he pursued post-conviction relief, but it is not clear whether that pursuit is ongoing, or why it stopped. In any case, these are questions to be addressed, if they arise, in a future lawsuit.

3.  **CONCLUSION**

For the reasons explained above, the Court is constrained to dismiss the complaint. A Section 1983 lawsuit is not the correct mechanism to

challenge the conviction and sentence in 13CT660. Plaintiff is free, however, to file a habeas petition as it relates to either the validity of his conviction or, potentially, the validity of the allegedly wrongful withholding of his driver's license. He may also, at his discretion, re-file a civil rights lawsuit that would not impugn the validity of the state court's conviction.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice.**

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of August, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge